# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, <br>     Plaintiff, | § § § | |
| v. | § § | |
| YSLETA DEL SUR PUEBLO, <br> the TRIBAL COUNCIL, and <br> the TRIBAL GOVERNOR <br> CARLOS HISA or his <br> SUCCESSOR, <br>     Defendants. | § § § § § § § | EP-17-CV-179-PRM |

## ORDER GRANTING PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY RESPONSES

On this day, the Court considered Plaintiff State of Texas's "Motion to Compel Responses to Interrogatories and Requests for Production" (ECF No. 85) [hereinafter "Motion"], filed on April 30, 2018, in the above-captioned cause, Defendants Ysleta del Sur Pueblo, the Tribal Counsel, and the Tribal Governor Carlos Hisa's [hereinafter collectively referred to as "Defendants"] "Response to Plaintiff's Motion to Compel" (ECF No. 88), filed on May 7, 2018, and Plaintiff's "Reply in Support of Motion to Compel" [hereinafter "Reply"], filed on May 14, 2018, in the above-captioned cause. After due consideration, the Court concludes that Plaintiff's request should be granted.

## I. BACKGROUND

On or about December 19, 2017, Plaintiff served Requests for Production ("RFPs") and a set of Interrogatories on Defendants. Mot. 3. Defendants served initial responses and objections to the RFPs and Interrogatories on January 26, 2018. *Id.* Defendants then served supplemental responses to the Interrogatories and RFPs on March 15 and 19, 2018, respectively. *Id.* at 4.

Unfortunately, most of the interrogatory and RFP responses provide only scant detail regarding Plaintiff's inquiries. Specifically, Plaintiff claims Defendants failed to provide discovery about the operations at Speaking Rock and the functionality of the electronic bingo machines therein.[1] Defendants do not contest that they did not provide this discovery, but offer multiple justifications. First, Defendants claim that either third-party vendors or the Ysleta del Sur Fraternal Organization [hereinafter the "Fraternal Organization"], which is not a party to this litigation, are in possession of most of the responsive documents and information. Further, Defendants claim that some of Plaintiff's discovery responses are unduly burdensome and

---

[1] To the extent that there are other objections to Plaintiff's discovery requests that are outside the scope of Speaking Rock operations and the bingo machines at issue, the Court does not pass upon those objections.

overbroad. Finally, Defendants have suggested that their currently pending motion to dismiss excuses some of their discovery obligations. For the reasons discussed below, none of these justifications excuses Defendants' failure to comply with Plaintiff's discovery requests relating to Speaking Rock and the electronic bingo machines.

## II. DISCUSSION

"[A] district court has broad discretion in all discovery matters . . . ." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 545 (5th Cir. 2005). Federal Rule of Civil Procedure 37 "empowers the court to compel the production of documents and complete responses to interrogatories upon motion by the party seeking discovery." *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Defendants have taken the position throughout this litigation that the various offerings at Speaking Rock Casino are entirely consistent with Texas law and, thus, that the operation of Speaking Rock is federally authorized pursuant to the Restoration Act. *See, e.g.*, Rule

3

26(f) Joint Case Management Report 2, Oct. 30, 2017, ECF No. 34. Specifically, Defendants have argued that their electronic bingo machines do not violate Texas law and have represented that the "mechanics of the card minder . . . can be demonstrated by the Pueblo Defendants" or "determined by Plaintiff [if it] engage[s] in even rudimentary discovery." Defs.' Resp. in Opposition to Pl.'s Appl. Prelim. Inj., Sept. 12, 2017, ECF No. 17. The Court denied a preliminary injunction partially in reliance on Defendants' claim that Plaintiff would be able to develop more fully its theory of illegality through discovery. Using interrogatories and requests for production, Plaintiff has sought discovery consistent with Defendants' initial invitation. However, for reasons that remain unclear, Defendants appear to be trying vigorously to thwart Plaintiff's efforts. This behavior is not consistent with Defendants' position that they are engaged in lawful activity.

Instead, based on the evidence provided in Plaintiff's Motion to Compel and Defendants' lack of a meaningful rejoinder, it appears that Defendants' are engaged in dilatory tactics. Defendants' refusal to comply with Plaintiff's discovery requests wastes the Court's resources, is unfair to Plaintiff, and is contrary to Federal Rule of Civil Procedure

1, which encourages the parties to "secure the just, speedy, and inexpensive determination of every action and proceeding." While Defendants may have succeeded in extending this litigation further, they jeopardize their credibility with the Court. With that conclusion in mind, the Court turns to Defendants' excuses for failing to provide Plaintiff with proper discovery.

### A.  Third-Party Vendors

Regarding third-party vendors, Defendants assert that they "contracted with various vendors to have the bingo cardminder[s] at Speaking Rock designed to fully comply with [the] Restoration Act" and that "the vendors that designed the . . . bingo cardminders have retained that information as proprietary." Resp. 4. However, Defendants have provided no indication of what companies or entities they contracted with, which would allow Plaintiff to seek out this information from the companies itself. Further, Defendants have no authority to discourage or prohibit Plaintiff from seeking information from a third-party by opining that the information is "proprietary." No evidence is offered that the third parties have made such claims. Finally, if Defendants carefully worked with these companies to develop the machines in compliance with the Restoration Act, as they claim,

there would presumably be extensive correspondence regarding guidance and oversight of the manufacturing, delivery, and maintenance of the machines. Defendants have apparently not provided any such documents or explained their whereabouts. Accordingly, the Court concludes that Defendants must disclose all relevant companies who might retain information about the machines at issue at Speaking Rock. Also, pursuant to Plaintiff's inquiries, Defendants must disclose all documents they possess (either actually or constructively through a related entity) related to the hardware, mechanics, or software used in these machines.

### B. The Ysleta del Sur Fraternal Organization

Defendants object to many of Plaintiff's discovery requests by asserting that the "the Fraternal Organization is a separate entity that needs to be served individually in order to obtain those documents which are solely in the Fraternal Organization's possession, custody, or control."[2] Resp. 5. This objection is without merit. Federal Rule of

---

[2] There are multiple indications that this position is part of a strategy designed to prevent Plaintiff from obtaining discovery. First, as discussed further *infra*, Defendants occupy multiple important positions in the Fraternal Organization and should have access to the operational documents Plaintiff seeks. Yet, Defendants have offered no assistance in obtaining the documents. Second, Defendants are well aware of the

6

Civil Procedure 34 allows parties in discovery to request documents within the responding party's "possession, custody, or control." "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230 (N.D. Tex. 2016). "Control" of documents includes both actual possession and the "legal right or practical ability to obtain the documents from a nonparty in the action." *Edwards v. City of Bossier City*, No. CV 15-1822, 2016 WL 3951216, at *3 (W.D. La. July 20, 2016); *cf. Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 305 (M.D.N.C. 1998) ("[A] litigating parent corporation has

---

predicament Plaintiff now faces in obtaining discovery. Defendants claim that the Fraternal Organization possesses all of the Speaking Rock operational and electronic bingo documents. However, it has become clear that the Fraternal Organization asserts sovereign immunity and refuses to accept third-party subpoenas for those documents. Thus, Plaintiff is unable to gain access to them. Through selective disclosure of information, Defendants waited until deep into the discovery period to reveal this predicament to Plaintiff. Defense counsel, who represents both Defendants and the Fraternal Organization, knew or should have known of this predicament back in December when the discovery requests were initially served. However, despite having knowledge of it through their counsel, Defendants made no effort to warn Plaintiff of this issue that would ultimately become an impasse in discovery. Instead, they waited until well into the discovery process to let the situation unfold, presumably hoping that the discovery period would end before the situation could be resolved. This indicates a reluctance on Defendants' part to operate in good faith with Plaintiff.

7

control over documents in the physical possession of its subsidiary corporation where the subsidiary is wholly owned or controlled by the parent.") (alteration in original) (quoting *American Angus Ass'n v. Sysco Corp.*, 158 F.R.D. 372, 375 (W.D.N.C.1994)).

Here, it is apparent that Defendants have both the legal right and practical ability to obtain the documents Plaintiff seeks. First, the Fraternal Organization's federal charter of incorporation states that the corporation is "wholly controlled by the Ysleta del Sur Pueblo." Mot Ex. 9 at YDSP-000002. This may be enough by itself to give Defendants the legal right to access the corporation's documents. *See Uniden*, 181 F.R.D. at 305. Regardless, Defendants also admit that Carlos Hisa, a defendant in this litigation and the Tribal Governor of the Ysleta del Sur Pueblo, is the President of the Fraternal Organization. Mot. Ex. 4 at 13. Defendants have not explained why Hisa, as President, does not have access to the Speaking Rock operational documents. Moreover, the charter of incorporation provides that the Tribe (a party in this litigation) and its members are collectively the sole stakeholder of the corporation. *Id.* The Ysleta del Sur Tribal Council (also a party to this litigation) serves as the "representative of the Stakeholder, and all rights of the Stakeholder shall be exercised by the Ysleta del Sur Tribal

8

Council." *Id.* The Fraternal Organization is required to make its "financial and operating records" available to inspection by the Council. *Id.* at YDSP-000010. Thus, Carlos Hisa, the Tribe, and the Tribal Council all retain the legal and practical ability to obtain the documents Plaintiff seeks. Accordingly, the Court finds no persuasive reason why Defendants cannot produce the documents that they claim the Fraternal Organization possesses exclusively.

## C. Relevance

Defendants further argue that "much of the information sought by many of the Plaintiff's Requests for Production is not relevant to the subject matter of this litigation." Resp. 5. Specifically, they take issue with Plaintiff's requests for financial information regarding Speaking Rock because this information is not relevant to prove the elements of Texas Penal Code § 47, which prohibits gambling. Resp. 6. However, Defendants claim to be offering charitable bingo at Speaking Rock. While technically considered gambling in a broad sense, charitable bingo is legal pursuant to Texas law and does not constitute a violation of Texas Penal Code § 47. Thus, the question in this case is whether Defendants' activities constitute bingo and whether they fall within the scope of activity permitted by Texas law. Answering that question

9

requires multiple pieces of information, including whether Defendants (or the Fraternal Organization) properly constitute a charity. Order 36, March 29, 2018, ECF No. 77. To comply with Texas's bingo requirements, an "authorized organization shall devote to charitable purposes of the organization its net proceeds of bingo and any rental of the premises." Tex. Occ. Code Ann. § 2001.454. Thus, information about proceeds from Speaking Rock and the recipient of those funds is relevant to determining the legality of Defendants' activities.[3] Therefore, Defendants must produce all financial documents related to the operation of Speaking Rock that are responsive to Plaintiff's requests.

### D. Pending Motion to Dismiss

Finally, Defendants claimed in their initial discovery responses that they would produce relevant information once the Court ruled on their then-pending motion to dismiss. After the Court ruled on that

---

[3] Because the State of Texas has no regulatory jurisdiction over Defendants, the Court is mindful that Defendants may not be subject to the exact same rules as other charitable bingo operations in the State. Specifically, it is unlikely that any Texas regulatory requirements for charitable bingo apply to Defendants. However, Defendants have not yet attempted to explain which specific rules or laws they believe are applicable and which are not. Thus, for purposes of discovery, the Court assumes that information regarding noncompliance with any laws is relevant and discoverable.

10

initial motion, Defendants immediately filed another motion to dismiss. It is unclear to what extent Defendants are still withholding documents in anticipation of a ruling on their currently pending motion. However, "[d]iscovery need not cease during the pendency of a motion to dismiss . . . ." *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *see also Levin v. Miller*, No. 1:11-CV-1264-SEB-TAB, 2012 WL 12871191, at *1 (S.D. Ind. May 24, 2012) ("[T]he mere filing of a motion to dismiss does not necessarily mean that discovery—and the case itself—should grind to a halt."). While a district court has discretion to stay discovery pending its decision on a motion to dismiss, Defendants never requested such a stay, and may not unilaterally impose a stay without the Court's permission. Accordingly, the Defendants cannot use the pendency of their motion to dismiss as a justification for withholding discovery. To the extent that Defendants are currently withholding information or documents responsive to Plaintiff's discovery requests due to a pending motion to dismiss, Defendants must divulge that information and produce those documents.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff State of Texas's "Motion to Compel Responses to Interrogatories and Requests for Production" (ECF No. 85) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Ysleta del Sur Pueblo, the Tribal Counsel, and the Tribal Governor Carlos Hisa, **RESPOND** to Plaintiff's discovery requests relating to operations at Speaking Rock and the functionality of the electronic bingo machines on or before **June 6, 2018**.

**IT IS FURTHER ORDERED** that Defendants Ysleta del Sur Pueblo, the Tribal Counsel, and the Tribal Governor Carlos Hisa must produce all documents that are in the actual possession of the Fraternal Organization that are responsive to Plaintiff's discovery requests relating to operations at Speaking Rock and the functionality of the electronic bingo machines.

**IT IS FURTHER ORDERED** that all discovery-related deadlines, including the dispositive motion deadline, are hereby **EXTENDED** an additional **THIRTY (30) DAYS** to allow both parties to comply with the provisions of this Order.

**IT IS FURTHER ORDERED** that Defendants Ysleta del Sur Pueblo, the Tribal Counsel, and the Tribal Governor Carlos Hisa's failure to comply with the Court's order may result in appropriate sanctions.

**IT IS FINALLY ORDERED** that Plaintiff's "Motion for Authorization of Service" (ECF No. 89) is **MOOT** based on Plaintiff's indication at May 15, 2018 docket call that it would no longer pursue this motion if the Court granted its Motion to Compel.

**SIGNED** this **23rd day** of **May, 2018.**

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**