**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-17-CV-179-PRM |
| | § | |
| YSLETA DEL SUR PUEBLO, THE TRIBAL | § | |
| COUNCIL, AND THE TRIBAL GOVERNOR | § | |
| CARLOS HISA OR HIS SUCCESSOR, | § | |
| *Defendants*. | § | |
| | § | |
| _____ | § | |
| | § | |
| YSLETA DEL SUR PUEBLO, THE TRIBAL | § | |
| COUNCIL, AND THE TRIBAL GOVERNOR | § | |
| CARLOS HISA OR HIS SUCCESSOR, | § | |
| *Counter-Plaintiffs,* | § | |
| | § | |
| KEN PAXTON, IN HIS OFFICIAL | § | |
| CAPACITY AS THE TEXAS | § | |
| ATTORNEY GENERAL, | § | |
| *Counter-Defendant.* | § | |

**REPLY IN SUPPORT OF COUNTER-DEFENDANT KEN PAXTON'S
MOTION FOR SUMMARY JUDGMENT**

Although the Tribe's response insists that the Tribe "did not bring a claim under 42 U.S.C. § 1983," *see* Doc. 153 at 7, there is no other mechanism through which the Tribe can pursue its equal protection counterclaim. Without grounding it in 42 U.S.C. § 1983, *the Tribe can bring no counterclaim*. The Equal Protection Clause is not self-enforcing. The Tribe wants the Court to avoid the requisite Section 1983 analysis, but the Court cannot do so. The Tribe's desire to avoid a 42 U.S.C. § 1983 analysis is not surprising: under Section 1983, the Tribe is not a "person" capable of

bringing an equal protection claim because its purported constitutional right to gamble is completely tethered to its assertion of sovereignty. Thus, as a matter of law, the Tribe can bring no counterclaim.

On the merits, the Tribe's arguments fare no better. This is a suit brought under a federal law—the Restoration Act—to enforce federal gaming restrictions that apply to the Tribe. See *Ysleta del Sur Pueblo v. State of Tex.*, 36 F.3d 1325, 1335 (5th Cir. 1994) ("*Ysleta I*") ("Texas gambling laws and regulations are surrogate federal law"). General Paxton is not seeking to impose civil regulatory jurisdiction on the Tribe. The right to gamble is not fundamental and the Tribe is not being singled out for unfair treatment. It can engage only in the same gaming activities on its reservation that other citizens of Texas can. *See Texas v. Ysleta del Sur Pueblo*, 220 F. Supp. 2d 668, 689 (W.D. Tex. 2001) ("The problem for the Defendants is that, as *Ysleta I* makes clear, the Tribe waived any parallel sovereign status claim that it might have regarding gaming when it made its 'compact' with the State in order to obtain federal trust status.").

The Tribe's Equal Protection Clause counterclaim should be dismissed.

**ARGUMENT**

## I.     The Equal Protection Clause is not self-enforcing.

"The Equal Protection clause of the Fourteenth Amendment is not self-enforcing but requires application through some legislative act." *Zentgraf v. Texas A&M Univ.*, 492 F. Supp. 265, 270–71 (S.D. Tex. 1980) (citing *Katzenbach v. Morgan*,

384 U.S. 641, 649 (1966) and *Ex parte Virginia*, 100 U.S. 339, 345 (1880)); *see also Hodges v. Holiday Inn Select*, 2007 WL 1300454, at *2 (May 2, 2007) ("'The Fourteenth Amendment is not self-executing, and can only be brought by plaintiff pursuant to a section 1983 claim." (quoting *Foley v. Bates*, 2007 WL 963825, *10 (N.D. Cal. Mar. 30, 2007)). As the Fifth Circuit has repeatedly explained, that "legislative act" to assert violations of constitutional rights is 42 U.S.C. § 1983. *E.g.*, *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2010).

Thus, whether the Tribe acknowledges it or not, its equal protection counterclaim must be litigated as a Section 1983 claim. If the Tribe is not a "person" who can sue under Section 1983, then the claim is not viable and cannot survive summary judgment.[1] *See Inyo Cnty. v. Paiute-Shoshone Indians of the Bishop Cmty.*, 538 U.S. 701, 708 (2003) (noting that Section 1983 "permits 'citizen[s]' and 'other person[s] within the jurisdiction' of the United States to seek legal and equitable relief from 'person[s]' who, under color of state law, deprive them of federally protected rights.").

On that point, the Tribe refuses to grapple with the question of whether its status as a sovereign precludes its ability to bring a Section 1983 claim. Elsewhere in

---

[1] The Tribe has also repeatedly tried to find a jurisdictional hook for its equal protection claim through the Declaratory Judgment Act, but because the Declaratory Judgment Act is procedural, rather than substantive, those efforts are unavailing. *See* 10B Fed. Prac. & Proc. Civ. § 2766 (4th ed.) ("The operation of the Declaratory Judgment Act is procedural only. By passage of the Act, Congress enlarged the range of remedies available in the federal courts but it did not extend their subject-matter jurisdiction. . . . There must be an independent basis of jurisdiction, under statutes equally applicable to actions for coercive relief, before a federal court may entertain a declaratory-judgment action.").

its response, however, the Tribe repeatedly asserts that it has "a fundamental sovereign right to engage in gaming," *see* Doc. 153 at 8—an assertion that renders this case like others in which courts have determined that "the right asserted by the Tribe is not a private right that falls within the scope of" Section 1983. *E.g.*, *Fort Independence Indian Community v. California*, 2008 WL 6137129, at *5 (E.D. Cal. Sept. 10, 2008); *Skokomish Indian Tribe v. United States*, 410 F.3d 506, 514–15 (9th Cir. 2005).

Thus, as a threshold matter, the Tribe cannot pursue its equal protection claim against General Paxton in federal court. It can be dismissed on this basis alone.

## II. Suits to enforce the Restoration Act do not violate the Equal Protection Clause.

On the merits, the Tribe argues that "Counter-Defendant's continued effort to impose state regulations through the federal courts, an effort aimed at prohibiting these Counter-Plaintiffs from exercising a fundamental right guaranteed to them by Congress, violates the Equal Protection guaranties in the United States Constitution." Doc. 153 at 14. For the reasons discussed below, these contentions are wrong.

### A. General Paxton is not seeking "to impose state regulations."

The Fifth Circuit has described Texas laws and regulations as "surrogate federal law" on the Tribe's reservation. *Ysleta I*, 36 F.3d at 1334. It is thus federal law—not state law—that Texas is vindicating by seeking an injunction in federal court. Nor is Texas imposing civil regulatory jurisdiction over the Tribe. As Texas

explained in its motion for summary judgment, the Bingo Enabling Act and its attendant regulations have a narrow relationship to this case; compliance with the Bingo Enabling Act is an affirmative defense to the criminal and civil provisions of Texas law that the Restoration Act federalized. Doc. 146 at 15. But the substance of Texas's claims is that the Tribe is violating the Texas Penal Code, and thus, violating the Restoration Act. *See, e.g.*, Doc. 8 ¶ 31. The Tribe does not argue, or even try to argue, that either the Restoration Act or the Texas Penal Code impermissibly discriminate against the Tribe.

### B.   The Tribe does not have a fundamental right to engage in gaming.

The Tribe contends that Congress guaranteed the Tribe the right to gamble. Doc. 153 at 14. In *Ysleta I*, the Fifth Circuit interpreted the Restoration Act quite differently, and instead found that "Congress—and the Tribe—intended for Texas' gaming laws and regulations" to apply to the Tribe. 36 F.3d at 1334. The court determined that Congress's intentions in this regard were "explicit," "clear," "unambiguous," "plain," and "specific." *Id.* at 1334 n.20. "[T]here is no fundamental constitutional right to gamble," *see Husain v. Casino Control Com'n*, 265 F. App'x 130, 134 (3d Cir. 2008), and any right the Tribe does have to gamble is limited by the Texas laws that the Restoration Act federalized. *Cf. Texas v. Ysleta del Sur Pueblo*, 220 F. Supp. 2d 668, 687 n.11 (W.D. Tex. 2001) ("[I]t cannot reasonably be argued that the Fifth Circuit read [the Restoration Act] as a grant of gaming authority to the Tribe.").

**C.      General Paxton is not impermissibly targeting the Tribe.**

The Tribe contends that "this Court has held that the Ysleta del Sur Pueblo cannot engage in bingo under the Texas bingo scheme," Doc. 153 at 10, but ignores the competent summary judgment evidence of its own expert witness that the Tribe can, and has, obtained a license to conduct bingo from the Texas Lottery Commission. *See* Doc. 147-1 at 15. Texas law does not single out Indian tribes with respect to eligibility to operate charitable bingo.

In the face of this evidence, the Tribe continues to rely on the averments in its First Amended Answer that other entities in Texas are illegally gambling but not being prosecuted. *See* Doc. 153 at 19 ("The Plaintiff in this action, represented by the Counter-Defendant, offers not a single piece of evidence to contradict the averments in the Counter Claim setting forth in detail the operation of bingo halls throughout Texas that go unchallenged by the Counter-Defendant."). Unsworn allegations in a pleading are not competent summary judgment evidence. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 2008) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). As the party opposing summary judgment, the Tribe "is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Id.* General Paxton has identified that there is a dearth of evidence to support the Tribe's argument that it is being treated unequally, Doc. 147 at 11, and the Tribe has not offered proper evidence in response.

CONCLUSION

The Tribe disagrees that Texas can prevail on its affirmative claims for relief. But those defenses are not equivalent to, and do not substantiate, an equal protection violation. The Court should dismiss the Tribe's equal protection counterclaim.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN-MCCALL
Chief for General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
BENJAMIN S. LYLES
Texas Bar No. 24094808
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4074 | FAX: (512) 320-0667
michael.abrams@oag.texas.gov
benjamin.lyles@oag.texas.gov

ATTORNEYS FOR COUNTER-DEFENDANT
KEN PAXTON

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/ Michael R. Abrams
MICHAEL R. ABRAMS
Assistant Attorney General