IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § § § | |
| Plaintiff, | § § | No. 03:17-CV-00179 PRM |
| v. | § § | |
| YSLETA DEL SUR PUEBLO, THE TRIBAL COUNCIL, AND THE TRIBAL GOVERNOR CARLOS HISA or his SUCCESSOR, | § § § § § | |
| Defendants. | § § | |

**PUEBLO DEFENDANTS' BRIEF IN SUPPORT OF JURY DEMAND**

## ARGUMENT

Plaintiff brought suit against the Pueblo Defendants arguing it is entitled to a declaratory judgment finding that the Pueblo's bingo *gaming activity* violates Chapter 47 of the Texas Penal Code, and that the bingo gaming activity therefore constitutes a nuisance under Tex. Civ. Prac. & Rem. Code Ann. § 125.0015(a)(5). Additionally, Plaintiff asks the Court to enter a permanent "obey the law" injunction. Doc. 8. In the Pueblo Defendants' Amended Answer, Defendants timely demanded a jury trial pursuant to Federal Rule of Civil Procedure 38(a).

The Seventh Amendment provides that "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const., amend. VII. The right to a jury trial, as exercised by the Pueblo Defendants, is preserved in Federal Rule of Civil Procedure 38(a). Since the merger of the systems of law and equity, the Supreme Court has carefully preserved the right to trial by jury, such as here, where legal rights are at stake. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id.* at 565 (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)). In resolving whether or not a jury trial is required: "[o]ne guiding beacon has been lit by the Supreme Court: when in doubt, grant a jury trial." *City of New York v. Beretta U.S.A. Corp.*, 317 F. Supp. 2d 193, 196 (E.D. N.Y. 2004); *see also Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, (1959).

The Seventh Amendment's inclusion of "where the value in controversy shall exceed twenty dollars" does not provide a dollar amount in relief sought, but instead focuses on a case's value in controversy. This is to ensure that federal courts did not turn into small claims courts or

haring inconsequential small value cases that would clog up the federal courts. *The Twenty Dollars Clause*, 118 HARV. L. REV. 1665-79 (2005) ("Besides their amounts in controversy, cases might merit juries because of some other trail—like 'complexity' or 'importance'—that correlates with amount in controversy. The Twenty Dollars Clause might embody the [Framers'] observation that small claims cases, as a class, are neither complex nor important cases for which the jury would prove useful."). This case as Plaintiff has stated in its pleadings exceeds well over $70 million per year as the value in controversy. *See* Doc. 146 at. 9. By the extensive litigation by both parties over the years, this case is clearly not a small claims suit, nor is it a low value case of little importance.

As this Court has articulated, the Supreme Court has developed a two-part test to determine whether a party is entitled to a jury trial. That analysis requires the Court to first consider the essential nature of the cause of action alleged, as it was viewed at the time of the adoption of the Constitution in 1791, in order to determine whether that cause of action was historically tried to a jury. *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999); *see also City of New York*, 317 F. Supp. 2d at 195 (stating "[i]n deciding whether a jury is required under the Seventh Amendment to the United States Constitution, federal courts are directed to try to place themselves in the position of a judge sitting in 1791, when the right to jury was embedded in the Bill of Rights.") Second, the court must determine whether the remedies sought are legal or equitable.

**1. Historically, nuisance suits were tried by juries**

Suits regarding public nuisance have historically involved questions of fact for a jury in a court of law. The origin of public nuisance was criminal, Restatement (Second) of Torts § 821B cmts a, b (1979); and it is unquestionable that a defendant being charged with a crime must be afforded a jury trial for all criminal and quasi-criminal actions. *See, e.g., In re Sawyer*, 124 U.S.

3

200, 209-210 (1888) (chancery "has no jurisdiction over the prosecution, the punishment or the pardon of crimes or misdemeanors"); *Davis v. American Soc. for Prevention of Cruelty to Animals*, 75 N.Y. 362, 369 (1878). In fact, Plaintiff brings its claims under the Texas Penal Code, while seeking civil remedies. Hence, based on Plaintiff's own cause of action, this case entitles the Pueblo Defendants to a trial by jury.

Justice Story, one of the country's leading legal scholars of the early nineteenth century, stated the settled rule of common law that "the question of [public] nuisance or not must, in cases of doubt, be tried by a jury." II Joseph Story, Commentaries on Equity Jurisprudence, as Administered in England and America § 923, at 202 (1st ed. 1836). Story explained the limited role of equity in such matters:

> In cases of public nuisances, properly so called, an indictment lies to abate them and punish the offenders. But an information also lies in Equity to redress the grievance, by way of injunction. The instances of the interposition of the Court, however, are (it is said) rare, and principally confined to information's seeking preventive relief. [Examples omitted.] But the question of nuisance or not must, in cases of doubt, be tried by a jury; and the injunction will be granted or not, as that fact is decided.

*Id*. In *Crowder v. Tinkler*, 19 Ves. 620 (1816), Lord Eldon denied an injunction requested by a private plaintiff to abate a dangerous gunpowder mill. *Id*. The court stated that, even though the Attorney General was a party, "unless it was clearly a public nuisance, generally the Court would not interpose by Injunction, until it had been tried at Law." *Id*. at 622. Rather, Lord Eldon ordered that the "proper course" was for the disputed facts to be "tried at the next Assizes (i.e., a jury)." *Id*. at 627.

Historically, courts drew distinctions between a nuisance per se (where no jury trial was necessary), and disputed questions of nuisance, such as the present case, where a jury trial is required. *See also Attorney General v. United Kingdom Elec. Tel. Co.*, 5 Law T. (N.S. 338) (1861) (stating "[i]n ordinary cases, where the issue of a suit in equity depends upon a legal right, that

4

right must be ascertained at law before any relief can be granted by this court . . . . In truth, the question, what is a nuisance, is one peculiarly fitted for investigation by a jury. Indeed, there is none more fitted for such an inquiry.") Because there are disputed questions of nuisance here, a jury trial must be granted.

**2. The remedies sought by Plaintiff are both legal and equitable**

The next part of this Court's analysis must then determine whether the remedies sought are legal or equitable in nature. *Chauffeurs,* 494 U.S. at 565. Actions at law entitle the parties to a jury, but equitable cases do not. *Manning v. United States,* 146 F.3d 808, 811–12 (10th Cir. 1998). While the Declaratory Judgment Act itself does not create the right to a jury trial, it specifically preserves the right of a jury trial on issues for which that right is guaranteed. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500 (1959). Declaratory judgment actions are inherently neither equitable nor legal, and the nature of the underlying dispute determines whether a jury trial is available. *Starr Intern. Co., Inc. v. American Intern. Group, Inc.*, 623 F. Supp. 2d 497 (S.D. N.Y. 2009). The Pueblo Defendants do not dispute that an injunction is an equitable remedy, however Plaintiff's remedy is legal as well. Specifically, Plaintiff's underlying dispute – which is bingo as a gaming activity at Ysleta del Sur Pueblo violates the Restoration Act – provides that Pueblo Defendants have a right to trial by jury.

As the Fifth Circuit has stated:

"[W]here the case presents several claims or demands more than one remedy, the most direct test is 'whether the action now pending before the District Court contains legal issues.' *Dairy Queen, Inc. v. Wood,* 1962, 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44. If so, the parties are entitled to a jury trial as of right on those issues.

*Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964).

5

The case *United States v. State of New Mexico* is instructive when considering the underlying issue of law present in this case. In *United States v. State of New Mexico,* the Tenth Circuit held that the State of New Mexico had the Seventh Amendment right to a jury trial in a case where the United States sued the State of New Mexico for declaratory and injunctive relief for recovery of taxes. *United States v. State of N.M.*, 642 F.2d 397, 400 (10th Cir. 1981). The issue in that case was whether "radio telescope antennas [were] radio towers or similar thereto as to sustain a tax on the construction services of E-Systems . . . ." *Id.* Expert witnesses for both parties testified as to whether or not procurement of antennas was a construction activity. The Tenth Circuit held that "New Mexico is entitled to have a jury decide the pivotal issue of fact [of whether or not the moving of antennas was a construction activity]." *Id.* at 402.

The present case contains a similar "pivotal issue of fact" – *i.e.* does the gaming activity of bingo conducted at Ysleta del Sur Pueblo meet the definition of gaming activity under the Restoration Act? Like in *State of New Mexico,* in this case there has been substantial expert testimony detailing the gaming activity of bingo, the use of cardminding machines to assist players, and whether the gaming activity at Ysleta del Sur Pueblo is a nuisance under the law. Just like the State of New Mexico was entitled to a jury, the underlying issue of the case is an issue of law entitled to a jury, as a right provided to the Pueblo Defendants by the U.S. Constitution.

## CONCLUSION

For these reasons, the Court should grant the Pueblo Defendants' right to a jury trial that exists in this case.

Dated: December 28, 2018    Respectfully Submitted,

By: */s/ Joseph D. Austin*
KEMP SMITH LLP
Richard Bonner
State Bar No. 02608500
Joseph Daniel Austin
State Bar No. 24101470
P.O. Box 2800
El Paso, TX 79999-2800
(915) 553-4424 (telephone)
(915) 546-5360 (facsimile)
Richard.Bonner@kempsmith.com
Joseph.Austin@kempsmith.com

BARNHOUSE KEEGAN SOLIMON & WEST LLP
Randolph H. Barnhouse
Michelle T. Miano
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
(505) 842-6123 (telephone)
(505) 842-6124 (facsimile)
dbarnhouse@indiancountrylaw.com
mmiano@indiancountrylaw.com

*Attorneys for Pueblo Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

**Michael R. Abrams**
michael.abrams@oag.texas.gov

**Benjamin Lyles**
benjamin.lyles@oag.texas.gov

*/s/ Joseph D. Austin*

7