IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | EP-17-CV-179-PRM |
| | § | |
| YSLETA DEL SUR PUEBLO, THE TRIBAL | § | |
| COUNCIL, AND THE TRIBAL GOVERNOR | § | |
| CARLOS HISA OR HIS SUCCESSOR, | § | |
|    *Defendants.* | § | |

**TEXAS'S RESPONSE TO NON-PARTY YSLETA DEL SUR PUEBLO FRATERNAL ORGANIZATION'S SECOND AMENDED MOTION TO QUASH STATE OF TEXAS' SUBPOENA DUCES TECUM**

Plaintiff State of Texas files this response to Ysleta Del Sur Pueblo Fraternal Organization's Second Amended Motion to Quash State of Texas' Subpoena Duces Tecum ("Motion to Quash") (Doc. 164) in the above-styled case.[1] In a series of prior orders, the Court has already rejected the one substantive argument that the Fraternal Organization brings in its Motion to Quash; having done so, the Court should deny the Fraternal Organization's Motion to Quash.

## I.   INTRODUCTION

The Fraternal Organization's Motion to Quash brings two arguments for why that motion should be granted: first, that "enforcement of the subpoena would violate the Fraternal Organization's sovereign immunity," and, second, that "procedurally,

---

[1] The Fraternal Organization has filed three motions to quash. *See* Docs. 162, 163, 164. These motions are largely identical. This response assumes that the first two motions (Docs. 162 & 163) are moot and that Doc. 164 is the live motion.

1

the State did not properly serve the subpoena on the Fraternal Organization." Doc. 164 at 2.

The Fraternal Organization's immunity argument—the only substantive argument it brings in its Motion to Quash—has already been brought by the Pueblo and rejected by the Court; the Court should reject the Fraternal Organization's immunity argument here as well.

The Fraternal Organization offers no argument as to why service of the State's subpoena on the Fraternal organization was improper—in fact, the only reference to that alleged impropriety in Defendant's entire motion is the single clause quoted above. Because the Fraternal Organization fails to argue this point, the Court should reject it, too.

Thus, the Court should deny in its entirety the Fraternal Organization's Motion to Quash.

## II.   ARGUMENT AND AUTHORITIES

The sole substantive argument in the Fraternal Organization's Motion to Quash—that it possesses sovereign immunity from the judicial process—is identical to the one brought by the Pueblo in its Opposed Motion to Reconsider and Motion for Protective Order (Doc. 108). The Court rejected that argument in both its August 21, 2018 Order granting Texas's August 3, 2018 Motion for Leave to Conduct and Reopen Depositions (Doc. 106), Doc. 114, and in its August 1, 2018 Order Denying Defendants'

Motion to Amend Orders to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b), Doc. 140.[2]

The argument in the Ysleta del Sur Fraternal Organization's Motion to Quash is the same as the one in the Pueblo's motion for reconsideration: in its Motion to Quash, the Fraternal Organization argues that enforcement of the subpoena against it "would violate the Fraternal Organization's sovereign immunity," Doc. 163 at 2; the Pueblo argued the same in its motion for reconsideration vis-à-vis the Fraternal Organization. *See* Doc. 108 at 1 ("the Court should deny the discovery related to the Ysleta del Sur Pueblo Fraternal Organization because it possesses tribal sovereign immunity from suit and discovery"); *see also id.* at 5 ("the Fraternal Organization has full sovereign immunity [which] . . . includes immunity from all legal processes, including discovery"). The Court, in its August 21, 2018 Order, denied the Pueblo's motion for reconsideration. Doc. 114. The Court, in its October 1, 2018 Order Denying Defendants' Motion to Amend Orders to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b), explained its reasoning. Doc. 140.

In that order, the Court stated explicitly that "[t]he Tribe is not immune from this lawsuit . . . [and] because the Tribe is not immune from suit, the Fraternal

---

[2] In its motion for leave to conduct additional depositions, Texas sought to, *inter alia*, depose the Ysleta del Sur Pueblo Fraternal Organization. Doc. 106 at 10. The Court granted Texas's motion to allow it to depose, *inter alia*, the Fraternal Organization on August 8, 2018. Doc. 107. The Pueblo then filed its Pueblo Defendants' Opposed Motion to Reconsider and Motion for Protective Order (Doc. 108) on August 14, 2018. The Court subsequently rejected the Pueblo's arguments in its motion for reconsideration in the Court's August 21, 2018 order granting Texas's August 3, 2018 motion for leave. Doc. 114. On September 5, 2018, the Pueblo filed its Opposed Motion to Amend Orders to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b), Doc 120. The Court, in its October 1, 2018 Order Denying Defendants' Motion to Amend Orders to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b), denied that motion. Doc. 140.

Organization is not shielded from discovery." *Id.* at 5. This, the Court found, meant that the Fraternal Organization was not immune from discovery by Texas. *Id.* The Court's reasoning was that, because the Fraternal Organization's charter makes its immunity coextensive with that of the Pueblo, whatever limits the Restoration Act's waiver of immunity places on the Pueblo's immunity are placed on that of the Fraternal Organization. *Id.* at 5-6. The Court also voiced its "serious doubts" that a tribal corporation chartered pursuant to § 17 of the Indian Reorganization Act (which the Fraternal Organization is) could ever have greater immunity than that of the tribe chartering it—and found that the Pueblo had failed to cite any authority, and the Court itself was unable to find any such authority, that "a § 17 corporation c[ould] retain sovereign immunity when its parent tribe ha[d] waived it." *Id.* at 6.

The Fraternal Organization's Motion to Quash fails to remedy this dearth of authority. The Fraternal Organization asserts, in apparent response to the Court's reasoning, that its sovereign immunity "is separate from, and different than, the Pueblo's, specifically in terms of how its immunity may be waived," Doc. 164 at 3, and that "unless the Fraternal Organization has individually waived its immunity under the terms of its charter, the Fraternal Organization continues to possess immunity from the judicial process," *Id.* at 4–5. But none of the cases cited in the Motion to Quash stand for the proposition that a Section 17 corporation can retain sovereign immunity when immunity is waived by the tribe. *E.g.*, Doc. 164 at 5 (citing *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998) for the uncontroversial position that "[a]s a matter of federal law, an Indian tribe is

4

subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."). Because the Court has already rejected the Fraternal Organization's immunity argument in a prior order, and because the Fraternal Organization offers no new or compelling authority for why the Court should revisit its holding, the Court should do so again here—and deny the Fraternal Organization's Motion to Quash Texas's subpoena against it.

## III.   CONCLUSION

For the above reasons, the Court should deny the Fraternal Organization's amended motion to quash, and, in light of how close in time this case is to trial, require the Fraternal Organization to appear for its deposition no later than January 31, 2019.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN MCCALL
Chief for General Litigation Division

*/s/   Benjamin S. Lyles*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
BENJAMIN S. LYLES
Texas Bar No. 24094808
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4074 | FAX: (512) 320-0667
michael.abrams@oag.texas.gov
benjamin.lyles@oag.texas.gov

**ATTORNEYS FOR PLAINTIFF**
**THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that on January 8, 2019, the foregoing instrument was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

>*/s/   Benjamin S. Lyles*
>BENJAMIN S. LYLES
>Assistant Attorney General