IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| STATE OF TEXAS, §<br>    *Plaintiff,* §<br>     §<br>v. §<br>     §<br>YSLETA DEL SUR PUEBLO, THE TRIBAL §<br>COUNCIL, AND THE TRIBAL GOVERNOR §<br>MICHAEL SILVAS OR HIS SUCCESSOR, §<br>    *Defendants.* § | EP-17-CV-179-PRM |

## PLAINTIFF TEXAS'S PROPOSED INJUNCTION

Plaintiff State of Texas submits the following proposed injunction pursuant to the Court's Memorandum Opinion and Order ("Order"), Doc. 183 at 42.

\* \* \*

Defendants Ysleta del Sur Pueblo, the Tribal Council, and Tribal Governor Michael Silvas or his Successor, their agents, attorneys, and all persons acting in privity with them, including the Ysleta del Sur Pueblo Fraternal Organization, are hereby **ENJOINED** from engaging in, permitting, promoting, or operating gambling activities on the Ysleta del Sur Pueblo's reservation that violate one or more of the following: Chapter 47 of the Texas Penal Code; the Bingo Enabling Act, TEX. OCC. CODE § 2001.001 *et seq.*; and Chapter 402 of the Texas Administrative Rules, *see* 16 TEX. ADMIN. CODE § 402.100 *et seq.* This includes, but is not limited to, the one-touch machines described in the Order, *see* Doc. 183 at 13–16, and the live-called bingo described in the Order, *id.* at 16.

This injunction also includes any gambling machines substantially similar to the one-touch machines described in the Order, *see id.* at 13—16, *i.e.*, machines that

1

offer, in violation of Chapter 47 of the Texas Penal Code, games including the elements of chance, prize, and consideration that award prizes according to the matching of historical bingo cards with historical ball draws (or award prizes based on any process that accomplishes the same purpose), under one or more of the following conditions:

- the machines dispense cash as prizes (or dispense anything to accomplish the same purpose), in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.409;

- the machines dispense tickets, tokens, or any other representation reflecting cash value as prizes (or dispense anything to accomplish the same purpose), in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.409;

- the machines dispense tickets, tokens, or any other representation redeemable for a thing of value, including further play on the machine, as prizes (or dispense anything to accomplish the same purpose), in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.409;

- the machines, in consideration for the chance to win a prize, receive cash; receive tickets, tokens, or any other representation reflecting cash value; and/or receive tickets, tokens, or any other representation redeemable for a thing of value (or receive anything to accomplish the same purpose) in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.409;

- the machines are offered for play on more than three four-hour occasions per week, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.419(a), (b);

- the machines are offered for play more than four hours at a stretch, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.419(a), (b);

- the machines are offered for play on more than two four-hour occasions per day, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.419(c);

- the machines are offered for play in the absence of a valid license from the Texas Lottery Commission that details, inter alia, the days and times the machines will be offered for play, in violation of the Bingo Enabling Act, TEX. OCC. CODE §§ 2001.551 and 2001.002(6);

- the machines are offered for play outside of the days and times listed on a valid license from the Texas Lottery Commission, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.002(6);

- the machines are not supplied by manufacturers and distributors licensed by the Texas Lottery Commission, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.407;

- the machines have not been tested and certified as compliant with the standards in 16 TEX. ADMIN. CODE § 402.324 by an independent testing facility or the Texas Lottery Commission's testing lab, in violation of 16 TEX. ADMIN. CODE § 402.324.

This injunction also includes any gambling activities substantially similar to the live-called bingo described in the Order, *id.* at 16, *i.e.*, live-called bingo offered under one or more of the following circumstances:

- the bingo is offered for play on more than three four-hour occasions per week, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.419(a), (b);

- the bingo is offered for play more than four hours at a stretch, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.419(a), (b);

- the bingo is offered for play on more than two four-hour occasions per day, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.419(c);

- the bingo is offered for play in the absence of a valid license from the Texas Lottery Commission that details, inter alia, the days and times the machines will be offered for play, in violation of the Bingo Enabling Act, TEX. OCC. CODE §§ 2001.551 and 2001.002(6);

- the bingo is offered for play outside of the days and times listed on a valid license from the Texas Lottery Commission, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.002(6);

- the card-minders are not supplied by manufacturers and distributors licensed by the Texas Lottery Commission, in violation of the Bingo Enabling Act, TEX. OCC. CODE § 2001.407;

- the card-minders, if any, have not been tested and certified as compliant with the standards in 16 TEX. ADMIN. CODE § 402.324 by an independent

      testing facility or the Texas Lottery Commission's testing lab, in violation of 16 TEX. ADMIN. CODE § 402.324.

- the card-minders, if any, allow play in excess of 66 bingo cards, in violation of 16 TEX. ADMIN. CODE § 402.322(r).

This injunction applies on the territory of the Speaking Rock Entertainment Center, the Socorro Tobacco Outlet, the Ysleta del Sur Pueblo's reservation, and on any other property owned or controlled by Defendants, their agents, or persons acting in privity with them that is within the boundaries of the State of Texas.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN-MCCALL
Chief for General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
BENJAMIN S. LYLES
Texas Bar No. 24094808
SUMMER R. LEE
Texas Bar No. 24046283
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4074 | FAX: (512) 320-0667
michael.abrams@oag.texas.gov
benjamin.lyles@oag.texas.gov
summer.lee@oag.texas.gov

**ATTORNEYS FOR PLAINTIFF**
**THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 1st day of March, 2019, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, causing electronic service upon all counsel of record.

            */s/ Michael R. Abrams*
            MICHAEL R. ABRAMS
            Assistant Attorney General