**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No: 03:17-CV-00179-PRM** |
| **v.** | § | |
| | § | |
| **YSLETA DEL SUR PUEBLO,** | § | |
| **THE TRIBAL COUNCIL, THE** | § | |
| **TRIBAL GOVERNOR MICHAEL** | § | |
| **SILVAS or his SUCCESSOR,** | § | |
| | § | |
| **Defendants.** | § | |
| _____ | § | |
| | § | |
| **YSLETA DEL SUR PUEBLO,** | § | |
| **THE TRIBAL COUNCIL, THE** | § | |
| **TRIBAL GOVERNOR MICHAEL** | § | |
| **SILVAS or his SUCCESSOR,** | § | |
| | § | |
| **Counter-Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KEN PAXTON, in his OFFICIAL** | § | |
| **CAPACITY AS THE TEXAS** | § | |
| **ATTORNEY GENERAL,** | § | |
| | § | |
| **Counter-Defendant.** | § | |
| | § | |

**PUEBLO DEFENDANTS'
RESPONSE TO COURT'S INVITATION TO SUBMIT
DRAFT PROPOSED PERMANENT INJUNCTION LANGUAGE**

In its February 14, 2019 Memorandum Opinion and Order the Court stated its belief that "prior to entering a permanent injunction, the Court should receive input from the parties regarding the precise language of the injunction." ECF No. 183 at 41. The Court then invited each party to "draft and submit a proposed permanent injunction, if it so chooses." *Id.* at 42.

1

The Pueblo Defendants appreciate the Court's willingness to hear from the parties on this issue.  Two reasons, however, have led the Pueblo Defendants to submit this response in lieu of proposed language for a permanent injunction: (1) the lack of need for a permanent injunction; and (2) the possibility that on appeal submission of proposed language could be interpreted as a waiver of objection to the injunction.

First, no injunction is necessary to enforce the Court's Order.  *See*, *e.g.*, Mem. Op. and Order Granting Mot. for Contempt at 5, *State of Texas v. Ysleta del Sur Pueblo*, No. 3:99-cv-00320 (W.D. Tex. 2016), ECF No. 281 (holding that "[a]n electronic or mechanical device like an eight-liner is not prohibited under Texas law if it meets certain strict criteria" but ordering Pueblo to discontinue using gift cards in connection with its use of those devices); *see also* Order at 54, *State of Texas v. Ysleta del Sur Pueblo*, No. 3:99-cv-00320 (W.D. Tex. 2016), ECF No. 608 ("within sixty (60) days of entry of this Order, the Pueblo Defendants shall cease the gaming activities described above and in the March 6, 2015, Order").  Just as in those two prior instances where this Court ordered the cessation of activities it felt were in violation of the Restoration Act, no injunction is necessary as part of this Court's final order here because this Court's order alone is sufficient.  The failure to issue an injunction will not result in irreparable injury because bingo operations on the Pueblo will either be modified or discontinued pursuant to the terms of the Court's final order, absent a stay of that order from either this Court or the Fifth Circuit Court of Appeals.  An injunction is not necessary when a district court's order alone is sufficient to obtain the relief sought by a plaintiff:

> [T]he district court has discretion to determine which form of relief is best suited, in the particular case, to abate current violations and deter future ones. "[A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." Denial of injunctive relief does not necessarily mean that the district court has concluded there is no prospect of future violations for civil penalties to deter. . .  [F]ederal courts should aim to ensure "'the framing of relief

no broader than required by the precise facts.'" . . . [A]lthough the defendant's voluntary cessation of the challenged practice does not moot the case, "[s]uch abandonment is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice."

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192-93 (2000) (citations omitted).  As this Court stated in the February 14, 2019 order, "Although Texas has demonstrated success on the merits, '[a]n injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course.'" ECF No. 183 at 32 (citing and quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008)).  *See also Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013) ("there is no reasonable basis to believe Wells Fargo will simply resume autodialing Masters's cell phone in the future).

Second, the Pueblo Defendants have elected not to submit proposed permanent injunction language to avoid any claim of waiver on appeal.  Specifically, the Pueblo Defendants do not want to imply any waiver of their objections to an injunction that might be entered by this Court, something that might be argued should the Court ultimately adopt all or part of their proposed language.  The Court has confirmed the need for injunctive language that is specific to the relief sought by the Plaintiff, and confirmed the need for reasonable detail in any injunction that might be entered.  It is the Pueblo Defendants' position that to avoid any claim of waiver, their most prudent course is not to submit proposed language, but instead to respond to the submission by the Plaintiff to the extent such submission fails to comply with controlling law prescribing the requirements of injunctive relief.

Dated:  March 1, 2019                         Respectfully Submitted,

                                                          */s/ Randolph H. Barnhouse*
                                                          Randolph H. Barnhouse

Michelle T. Miano
BARNHOUSE KEEGAN SOLIMON & WEST LLP
7424 4th Street NW
Los Ranchos de Albuquerque, New Mexico 87107
(505) 842-6123 (telephone)
(505) 842-6124 (facsimile)
mmiano@indiancountrylaw.com
dbarnhouse@indiancountrylaw.com

KEMP SMITH LLP
Richard Bonner
State Bar No. 02608500
Joseph Daniel Austin
State Bar No. 24101470
P.O. Box 2800
El Paso, TX  79999-2800
(915) 553-4424 (telephone)
(915) 546-5360 (facsimile)
Richard.Bonner@kempsmith.com
Joseph.Austin@kempsmith.com

*Attorneys for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I caused a true and correct copy of the foregoing

to be served on all counsel of record through the Court's CM/ECF system.

*/s/ Randolph H. Barnhouse*
Randolph H. Barnhouse