IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS,<br>    Plaintiff,<br><br>v.<br><br>YSLETA DEL SUR PUEBLO, the TRIBAL COUNCIL, and the TRIBAL GOVERNOR MICHAEL SILVAS or his SUCCESSOR,<br>    Defendants.<br>───────────────<br>YSLETA DEL SUR PUEBLO, the TRIBAL COUNCIL, and the TRIBAL GOVERNOR MICHAEL SILVAS or his SUCCESSOR,<br>    Counter-Plaintiffs,<br><br>v.<br><br>KEN PAXTON, in his official capacity as Texas Attorney General,<br>    Counter-Defendant. | §§§§§§§§§§§§§§§§§§§§§§§§§§§ | EP-17-CV-179-PRM |

## ORDER DENYING MOTION FOR RECONSIDERATION

On this day, the Court considered the "Pueblo Defendants' Opposed Motion and Memorandum in Support of Motion for

Reconsideration of Order Granting Motion for Summary Judgment" (ECF No. 187) [hereinafter "Motion for Reconsideration"], filed on March 1, 2019; "Plaintiff Texas's Response to Pueblo Defendants' Opposed Motion and Memorandum in Support of Motion for Reconsideration of Order Granting Motion for Summary Judgment" (ECF No. 188) [hereinafter "Response"], filed on March 5, 2019; and "Pueblo Defendants' Reply in Support of Their Motion for Reconsideration of Order Granting Motion for Summary Judgment" (ECF No. 190) [hereinafter "Reply"], filed on March 8, 2019, in the above-captioned cause. After due consideration, the Court is of the opinion that the Tribe's Motion for Reconsideration should be denied, for the reasons that follow.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2019, the Court entered its "Memorandum Opinion and Order" (ECF No. 183), granting summary judgment in favor of the State. Specifically, the Court determined that Fifth Circuit case law makes clear that the Restoration Act subjects the Tribe to the

---

[1] The Pueblo Defendants requested a hearing on this issue. Pueblo Defs.' Request for Hearing, Mar. 22, 2019, ECF No. 199. After due consideration, the Court is of the opinion that no hearing is necessary.

2

State's gaming laws and regulations. Mem. Op. & Order 19–24. The Court concluded that the Tribe's operations fail to comply with Texas laws and regulations and, accordingly, violate the Restoration Act. *Id.* at 28–31. After determining that the State proved success on the merits and considering equitable factors, the Court ultimately decided that a permanent injunction should be issued. *Id.* at 31–41.

In its instant Motion for Reconsideration, the Tribe asks the Court to "reconsider its holding that under Section 107(b) of the Restoration Act the State of Texas may use the federal courts to impose the State's gaming regulations on the Ysleta del Sur Pueblo." Mot. for Recons. 1. Specifically, the Tribe believes that the Court's ruling fails to properly account for the Fifth Circuit's interpretation of § 107(b). *Id.* at 2. Moreover, the Tribe avers that the Indian Canon of Construction requires the Court to resolve ambiguities regarding § 107(b) in favor of the Tribe. *Id.* at 8.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." "[A] motion to alter or amend the judgment

3

under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## III. ANALYSIS

The Court is of the opinion that its Memorandum Opinion correctly concluded that the Tribe is subject to Texas law and regulations. Recently, the Fifth Circuit considered an appeal by the Alabama-Coushatta Tribe, the other tribe bound by the Restoration Act. The Fifth Circuit reiterated that, in *Ysleta I*, it concluded that Congress intended for Texas's gaming laws and regulations to apply to the Tribe:

> The Tribe suggests that the Restoration Act's application of Texas laws to the Tribe's gambling is somewhat empty because Texas does not "prohibit" gaming as defined in *California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). This court expressly rejected that theory in *Ysleta I*, 36 F.3d at 1333–34, holding that "Congress did not enact the Restoration Act with an eye toward *Cabazon Band*." Instead, we were "left with the unmistakable conclusion that Congress—and the [Pueblo]—intended for Texas' gaming laws and regulations to operate as surrogate federal law on the [Pueblo's] reservation in Texas." *Id.* at 1334.

*Texas v. Alabama-Coushatta Tribe of Texas*, No. 18-40116, slip. op. at 13–14 n.21 (5th Cir. Mar. 14, 2019) (citing *Ysleta del sur Pueblo v. Texas* ("*Ysleta I*"), 36 F.3d 1325, 1335 (5th Cir. 1994)). In light of *Ysleta I* and subsequent case law, the Court maintains its conclusion that a faithful reading of *Ysleta I* requires that the Tribe adhere to the State's gaming regulations. Accordingly, the Court is of the opinion that its Memorandum Opinion correctly requires compliance with Texas laws and regulations, as federalized by the Restoration Act.

Further, the Tribe contends that, because the Court stated that "the Restoration Act does not clearly define what 'regulatory jurisdiction' means," the Court should have applied the Indian Canon of Construction. Mot. for Recons. 9 (citing Mem. Op. & Order 20). However, although "the Indian canon of construction requires statutes to be construed liberally in favor of the Indians and ambiguous provisions interpreted to their benefit," the canon "will not allow [litigants] to sidestep" binding precedent. *Banks v. U.S. Parole Comm'n*, 399 F. App'x 19, 20 (5th Cir. 2010). Significantly, if the Court were to decline to enforce Texas regulations against the Tribe, then the Court would fail to apply binding precedent. Accordingly, even though

the Court believes that the precise definition of "regulatory jurisdiction" in § 107(b) is not clear, the following is unambiguous: the Fifth Circuit has determined that the Restoration Act subjects the Tribe to Texas's laws and regulations. Ultimately, the Tribe may not use an interpretive canon to sidestep *Ysleta I*.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the "Pueblo Defendants' Opposed Motion and Memorandum in Support of Motion for Reconsideration of Order Granting Motion for Summary Judgment" (ECF No. 187) is **DENIED**.

SIGNED this 28 day of **March, 2019**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE