IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>      Plaintiff,<br><br>v.<br><br>YSLETA DEL SUR<br>PUEBLO, the TRIBAL<br>COUNCIL, and the<br>TRIBAL GOVERNOR<br>MICHAEL SILVAS or his<br>SUCCESSOR,<br>      Defendants.<br>─────────────────<br>YSLETA DEL SUR<br>PUEBLO, the TRIBAL<br>COUNCIL, and the<br>TRIBAL GOVERNOR<br>MICHAEL SILVAS or his<br>SUCCESSOR,<br>      Counter-Plaintiffs,<br><br>v.<br><br>KEN PAXTON, in his<br>official capacity as Texas<br>Attorney General,<br>      Counter-Defendant. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>EP-17-CV-179-PRM |

### ORDER STAYING PERMANENT INJUNCTION

On this day, the Court considered the "Pueblo Defendants' Motion and Memorandum in Support of Motion to Stay Judgment and

Injunction Pending Appeal" (ECF No. 197) [hereinafter "Motion to Stay"], filed on March 22, 2019, and "Plaintiff Texas's Response to the Pueblo Defendants' Motion and Memorandum in Support of Motion to Stay Judgment and Injunction Pending Appeal" (ECF No. 200) [hereinafter "Response"], filed on March 27, 2019, in the above-captioned cause.[1] After due consideration, the Court is of the opinion that the Motion to Stay should be granted, for the reasons that follow.

## I.  LEGAL STANDARD

"The Supreme Court has repeatedly stated that a four-factor test governs a court's consideration of a motion for stay pending appeal: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 360 (5th Cir. 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

---

[1] The Tribe requested a hearing on its Motion to Stay. Pueblo Defs.' Request for Hearing, Mar. 22, 2019, ECF No. 199. After considering the parties' briefs, the Court is of the opinion that no hearing is necessary.

Regarding the applicant's likelihood of success on the merits, "the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). Ultimately, a stay "is an exercise of judicial discretion. The propriety of its issue is dependent upon the circumstances of the particular case." *Scripps-Howard Radio v. F.C.C.*, 316 U.S. 4, 10–11 (1942).

## II. ANALYSIS

The Court believes that its "Memorandum Opinion and Order" (ECF No. 183), entered on February 14, 2019, accurately applies the Fifth Circuit's decision in *Ysleta del sur Pueblo v. Texas* ("*Ysleta I*"), 36 F.3d 1325, 1335 (5th Cir. 1994). Nonetheless, the Court recognizes that a higher court—the Fifth Circuit panel, the Fifth Circuit sitting en banc, or the United States Supreme Court—may carefully consider the meaning of "regulatory jurisdiction" and determine that the Permanent Injunction subjects the Tribe to regulatory jurisdiction. Significantly, the Court believes that the precise meaning of "regulatory jurisdiction,"

3

as used in § 107(b) of the Restoration Act, remains unclear. *See* Mem. Op. & Order 20 ("The Court recognizes the Tribe's frustration that *Ysleta I* and subsequent case law interpreting *Ysleta I* do not clearly elucidate subsection (b)'s effect on tribal gaming."). Since § 107(b)'s practical effect is a serious legal question, the Court is of the opinion that the Tribe has a sufficient likelihood of success on the merits to support a stay.

In addition, the Court believes that the balance of equities weighs heavily in favor of a stay. The State contends that the "Court has already weighed the equities" and that, in its Memorandum Opinion and Order, the Court resolved the equities in the State's favor. Resp. 5. However, when the Court previously balanced the equities, the Court did so based on its interpretation of § 107(b) of the Restoration Act. *See* Mem. Op. & Order 36–40. Now, in considering the Tribe's Motion to Stay, the Court is permitted to assume that the Fifth Circuit might determine that the Permanent Injunction subjects the Tribe to "regulatory jurisdiction." Therefore, the Court reweighs the equities in light of the anticipated appeal. Since the posture of a motion to stay is different than that of a motion for summary judgment, the Court may

reach—and does reach—a different conclusion.

Regarding the harm faced by the parties, the Court has previously noted that the State has an interest in enforcing its laws. *See* Mem. Op. & Order 35–36. Notwithstanding the State's interest, the Court believes that the status quo should be maintained throughout the pendency of an appeal. Essentially, any harm to the State as a result of a stay is temporal: if a stay is granted, then the State's ability to enforce its laws is frustrated only for the duration of an appeal. At the end of the appellate process, the State will be able to enforce the injunction if the Court of Appeals determines that the injunction should remain undisturbed.

On the other hand, the harm that the Tribe faces is truly irreparable. The injunction will impact the lives of many members of the Pueblo community. The Court is mindful that Speaking Rock is a primary employer for the Tribe's members and that Speaking Rock's revenue supports significant educational, governmental, and charitable initiatives. *See* Mot. to Stay 7–8. Specifically, the Tribe contends that "[i]n 2017, the aggregate economic impact of operations at Speaking Rock was $161.5 million, with $91.7 million in value-added, and 1,156

total jobs with labor income of approximately $39.3 million." *Id.* at 8. In the event that the Court's Memorandum Opinion is reversed on appeal, the longstanding effects associated with the loss of employment and a loss of funding for social services could not be ameliorated by reinstating Speaking Rock's bingo activities. On balance, the Court believes that the harm faced by the Tribe absent a stay exceeds the harm faced by the State. Thus, the equitable considerations support the issuance of a stay throughout the pendency of any appellate proceedings.

In conclusion, the Tribe presents a serious legal question on appeal, and the balance of equities heavily favors a stay. Accordingly, the Court concludes that enforcement of its February 14, 2019, Memorandum Opinion and Order as well as its Permanent Injunction, entered on this date, should be stayed pending a final ruling on the Pueblo Defendants' appeal.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the "Pueblo Defendants' Motion and Memorandum in Support of Motion to Stay Judgment and Injunction Pending Appeal" (ECF No. 197) is **GRANTED**.

**IT IS FURTHER ORDERED** that enforcement of the "Memorandum Opinion and Order" (ECF No. 183), issued on February 14, 2019, and the Permanent Injunction, entered on this date, is **STAYED** pending a final ruling on the Pueblo Defendants' appeal of the Court's orders in the above-captioned cause.

**IT IS FINALLY ORDERED** that, if the Permanent Injunction remains undisturbed when the appellate process is complete, then the Permanent Injunction shall become effective ninety (90) days after all opportunities for appeal have been exhausted.[2]

SIGNED this 28 day of March, 2019.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[2] Opportunities for appeal will be considered "exhausted" when the Tribe has no further avenues available for appeal—either because all possible appeals have been decided, or because the deadline to file any further appeals has passed.